IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                        Respondent,<br>     v.<br><br>ALI JEILANI SALIM,<br><br>                   Appellant. | No. 82792-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUN, J. — A jury found Ali Salim guilty of fourth degree assault, domestic violence. Following a CrR 3.5 hearing, the trial court did not enter written findings of fact and conclusions of law. Salim appealed, assigning error to the court's failure to enter findings and conclusions and the imposition of legal financial obligations. The trial court entered its written findings and conclusions while this appeal was pending. For the reasons below, we affirm.

## I. BACKGROUND

In January 2020, Salim assaulted the mother of his child by choking her, repeatedly punching her in the face, and threatening to kill her. The State charged Salim with second degree assault, domestic violence.

Before trial, the court held a CrR 3.5 hearing to address the admissibility of Salim's pre-arrest statements to a police officer. The court orally concluded that the statements were admissible. The prosecutor informed the court that she would submit her proposed findings of fact and conclusions of law for the court's

Citations and pin cites are based on the Westlaw online version of the cited material.

approval and apparently did so the next day. The court did not enter written findings and conclusions at that time.

The matter proceeded to a jury trial before a different judge. The jury found Salim guilty of the lesser-included offense of fourth degree assault, domestic violence. The court sentenced Salim to 90 days of confinement and, finding him indigent, imposed only a $500 victim penalty assessment.

Salim appealed in June 2021 and filed his opening brief on October 12, 2021, arguing about the trial court's failure to enter findings and conclusions. The same day, the trial court entered its written findings of fact and conclusions of law. On October 26, we granted the State's motion to formally enter the CrR 3.5 certificate under RAP 7.2(e)[1] and the written findings and conclusion are now before us. The State filed its response brief on appeal, pointing out that the findings and conclusions had been entered. Salim did not submit a reply brief.

## II. ANALYSIS

### A. CrR 3.5(c) Findings of Fact and Conclusions of Law

Salim says the trial court erred by failing to enter written findings of fact and conclusions of law after the CrR 3.5 hearing, as required by CrR 3.5(c). And he requests remand for the entry of the findings and conclusions. The State responds that the issue is moot because the trial court has since entered its findings and conclusions and the delay did not prejudice Salim. We agree with the State.

---

[1] RAP 7.2(e) provides in part that if a trial court's postjudgment decision will change a decision being reviewed by the appellate court, the appellate court must give its permission for the formal entry of the trial court's decision.

"Mootness is a question of law reviewed de novo." State v. Slattum, 173 Wn. App. 640, 648, 295 P.3d 788 (2013). A case is moot when we "'can no longer provide effective relief.'" Id. at 647 (quoting Spokane Research & Def. Fund v. Spokane, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005)).

CrR 3.5(c) provides that after a CrR 3.5 hearing, "the court shall set forth in writing: (1) the undisputed facts; (2) the disputed facts; (3) conclusions as to the disputed facts; and (4) conclusion as to whether the statement is admissible and the reasons therefor." "Written findings and conclusions facilitate and expedite appellate review of the issues." State v. Cunningham, 116 Wn. App. 219, 227, 65 P.3d 325 (2003). "Findings of fact and conclusions of law may be submitted and entered while an appeal is pending if the delay does not prejudice the defendant and there is no indication that the findings and conclusions were tailored to meet the issues presented on appeal." State v. Howerton, 187 Wn. App. 357, 376, 348 P.3d 781 (2015).

Salim requests that we remand the case for the entry of the required findings and conclusions. But on the same day as Salim filed his opening brief, the trial court entered the required written findings and conclusions. Thus, remand would not provide effective relief and the issue is moot. See Slattum, 173 Wn. App. at 647; see also Howerton, 187 Wn. App. at 375–76 ("The trial court filed its written findings and conclusions after Howerton submitted his opening appellate brief.").

Salim reserved the right to address prejudice or tailoring in a supplemental brief should the trial court enter its findings and conclusions. But following the entry of the findings and conclusions, Salim did not file a reply brief or move to supplement the briefing to address these issues. In Howerton, we held that an appellant waived his argument about prejudice when he assigned no error to the court's findings or conclusions, which were entered after his opening brief. Id. at 376. We similarly hold that Salim waived any argument about prejudice or tailoring. Nor does it appear that Salim suffered any prejudice. The language of the findings and conclusions tracked the court's oral ruling. See id. (holding that Howerton established no prejudice when "[t]he language of the findings and conclusions is consistent with the trial court's oral ruling.").

B.  Domestic Violence Fee

Salim contends the judgment and sentence erroneously imposes a $100 domestic violence penalty because of a scrivener's error when the trial court stated that it would impose only a $500 victim assessment. The State responds that the court did not impose a $100 domestic violence penalty. We agree with the State.

During sentencing, the trial court stated it was imposing only the $500 victim penalty assessment. The judgment and sentence lists potential legal financial obligations, with check boxes next to each line item. The trial court checked only the box imposing the $500 victim penalty assessment. While the court wrote "100" into the blank space for the domestic violence penalty, it did not

check the box for that line item.  Also, the line stating the total amount of fees imposed reads "500," which reflects that only the $500 victim penalty assessment was imposed.  There being no scrivener's error, no need to remand exists.

We affirm.

_Chun, J._

WE CONCUR:

_____     _____